UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MARTHA HULGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-262 |
| | ) | |
| v. | ) | |
| | ) | |
| OTIS ELEVATOR CO., | ) | |
| | ) | Chief Judge Curtis L. Collier |
| Defendant. | ) | |

## MEMORANDUM

Before the Court is the motion for summary judgment filed by Defendant Otis Elevator Co. ("Otis") (Court File No. 30). Plaintiff Martha Hulgan ("Hulgan") responded (Court File No. 38) and Defendant replied (Court File No. 45). Plaintiff filed a redacted supplemental response (Court File No. 57) and Defendant filed a redacted supplemental memorandum (Court File No. 59), with unredacted versions filed under seal (Court File Nos. 62, 64). For the following reasons, the Court will **DENY** Defendant's motion.

## I. RELEVANT FACTS

Hulgan began her employment with Otis in 2001 after Otis purchased the elevator business Hulgan and her husband owned and operated. As a condition of the sale, Hulgan contracted to be employed at Otis for two years and signed a non-compete agreement for five years. Hulgan's employment with Otis was not without problems, but Hulgan performed well in her position.[1] In

---

[1] As explained below, Defendant does not seek summary judgment as to Hulgan's hostile work environment claim. Thus, the Court will not further elaborate on facts unrelated to her termination.

2004, Joe Dragich ("Dragich") became the Regional General Manager, which is a fairly high management position within Otis. According to Plaintiff, he had a reputation within the company for preferring young males, specifically a group known as "Joe's boys," whom Dragich saw as up-and-comers. During the course of his employment at Otis, Dragich made several comments that Plaintiff construed as sexist and ageist. As a result, Plaintiff was under the impression Dragich wanted to force her out so he could continue building his team of young males. Soon after Dragich became Regional General Manager, Plaintiff's position as Territorial Manager was eliminated, and she became an Account Representative, which she deemed a demotion. In 2005, Plaintiff was offered an early retirement plan and severance package, which she declined. In 2006, Dragich and Plaintiff began talking about creating a position of Regional Business Development Manager ("BDM") for Plaintiff. According to Plaintiff, the position had been used previously to quietly fire certain employees. Because Plaintiff was worried this was an attempt to eliminate her, she insisted she report directly to Dragich, so he would not be able to shield himself from employment decisions. In addition, she attempted to get confirmation the position would not be terminated before she had time to prove herself by talking to Dragich and e-mailing him to follow up on the conversation.

After accepting the BDM position on May 1, 2006, Plaintiff asserts she was still performing her Account Representative duties full-time since her replacement was not hired and trained until September or October 2006. The parties dispute whether Dragich knew or encouraged Plaintiff to continue with her previous obligations, but since on summary judgment all facts are taken in the light most favorable to the non-moving party, the Court assumes Dragich was fully aware of Plaintiff's ongoing Account Representative activities.

On September 9, 2006, Dragich eliminated Plaintiff's position and discharged Plaintiff.

2

While Defendant claims the position was eliminated because it was not effective and Plaintiff's activity levels were low, Plaintiff asserts she was terminated because she was 60 years old and female.

**II.    STANDARD OF REVIEW**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

Plaintiff alleges termination due to age discrimination under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 to -408, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634; termination due to sex discrimination under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 to -408, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; and a hostile work environment under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 to -408, the ADEA, 29 U.S.C. §§ 621–634, and Title VII, 42 U.S.C. § 2000e (Court File No. 15). Defendant does not address hostile work environment in its motion for summary judgment and the Court, therefore, will not consider whether summary judgment would be appropriate on those claims. In addition, Defendant alleges, and Plaintiff does not dispute, Tennessee law is interpreted consistently with the ADEA and Title VII. Thus, the Court will analyze the claims under federal law. *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006) (applying the same analysis to an age-discrimination claim brought under the Tennessee Human Rights Act as the ADEA). For ease and clarity, the Court will address each claim in turn, but notes the analytical structure is identical for age and sex discrimination.

### A. Age Discrimination

The ADEA makes it unlawful for employers to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA was "prompted by [Congress's] concern that older workers were being deprived of employment on the basis of inaccurate and stigmatizing stereotypes." *Hazen Paper Co. v. Biggens*, 507 U.S. 604, 610 (1993).

An employee can establish discrimination via direct or circumstantial evidence. Direct evidence is "evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir. 2004). Plaintiff asserts she has submitted direct evidence of discrimination via Dragich's statement that people who were 60 years old should retire, Dragich's statement approving an employee's assertion that Otis should fire older workers and hire young people, and Dragich's statement that he wanted young people's ideas (Court File No. 40).[2] Although the statements may be direct evidence of a bias against older employees, an inference is required to connect them to the decision to end Plaintiff's employment. *Blair v. Henry Filters Inc.*, 505 F.3d 517, 524-25 (6th Cir. 2007). Thus, the statements do not constitute direct evidence that Defendant discharged Plaintiff based on her age.

Circumstantial evidence may be used to demonstrate age discrimination under the *McDonnell Douglas* burden-shifting framework. *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008). Under this analysis, Plaintiff must show "1) she was a member of the protected class, 2) she was subject to an adverse employment action, 3) she was qualified for the position, and 4) she was replaced by someone outside the protected class." *Id.* The fourth element, however, is not immutable, and has been interpreted as requiring the plaintiff to provide "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons" in cases like this one, where Plaintiff's position was eliminated and, thus, she was not replaced. *Rowan*, 360 F.3d at 547 (quoting

---

[2]Defendant disputes the admissibility of these statements on grounds of hearsay. However, since the statements are offered for the fact they were said and not for the truth of the matter, the statements are not hearsay. *See Blair v. Henry Filters Inc.*, 505 F.3d 517, 524 (6th Cir. 2007). For the same reason, Dragich's statements evidencing sex discrimination will also not be excluded.

5

*Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998)) (internal quotation marks omitted). The only element in dispute is the fourth. In addition to Dragich's statements listed above, Plaintiff points to the number of older workers Dragich eliminated and replaced with younger men. According to Plaintiff, this evidences a pattern of hiring and firing by Dragich that supports an inference that Plaintiff's age was a motivating factor in the decision to eliminate her position. Viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could find Defendant illegally singled out Plaintiff because of her age. Thus, Plaintiff has established a prima facie case of age discrimination.

The burden then shifts to Defendant to proffer a "legitimate, nondiscriminatory reason" for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Defendant meets this burden by asserting Plaintiff's position was eliminated because her activity levels were low and the position was deemed ineffective.

Plaintiff must then establish the Defendant's reason was pretext. To do so, Plaintiff must generally show "the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Blair*, 505 F.3d at 532 (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc)) (internal quotation marks omitted). Plaintiff uses the second method to assert Defendant set her up to fail in the BDM position to mask the real reason she was being eliminated. Where the plaintiff's position was eliminated, the lower reduction-in-force standard applies to establishing pretext and the plaintiff must "supply evidence *tending to indicate* that the employer singled the plaintiff out for impermissible reasons." *Id.* at 533 n.15. Viewing the evidence in the light most favorable to Plaintiff, Dragich and Chris Doot, the Regional Vice President, ("Doot") knew Plaintiff

was unable to devote her full attention to her BDM role because she was, at their encouragement, continuing to perform her Account Representative duties. This certainly could lead a reasonable person to conclude Defendant's proffered reason was pretext and the circumstantial evidence offered by Plaintiff tends to indicate Plaintiff was singled out for her age. Since Plaintiff has adequately established pretext, summary judgment is not appropriate for her age discrimination claim.

### B. Sex Discrimination

Under Title VII of the Civil Rights Act of 1964, employers may not "discharge any individual, or otherwise [] discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). While the evidence supporting the claim is different, the analysis is identical for a claim of age or sex discrimination. Thus much of the above discussion will apply equally to the arguments regarding Plaintiff's claim of sex discrimination.

Since Plaintiff cannot provide direct evidence of sex discrimination,[3] the *McDonnell Douglas* burden-shifting analysis applies. Again, only the fourth element of the prima facie case is in dispute. Dragich made numerous sex-related comments that could show sex bias, including "women are good for only one thing, and that thing is in the bedroom" and "[b]oys are the only type of children worth raising" (Court File No. 40). In addition, Dragich made a derogatory comment about a female candidate for a sales position (Court File No. 42). Plaintiff also points to Dragich's hiring profile and his reputation for preferring young males. Based on this evidence, a reasonable jury could conclude Plaintiff "suffered an adverse employment action under circumstances giving rise to an

---

[3]As described above, the Court finds no direct evidence of sex discrimination since the statements made by Dragich that evidence sex bias are not sufficiently connected to Plaintiff's termination. As an inference is required, the evidence is circumstantial.

7

inference of unlawful discrimination." *Blair*, 505 F.3d at 529 (citing *Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Thus, Plaintiff has established a prima facie case of sex discrimination.

As discussed above, Defendant proffers a legitimate non-discriminatory reason for the elimination of Plaintiff's position and Plaintiff adequately establishes Defendant's reason as pretext. Therefore, summary judgment is inappropriate as to Plaintiff's sex discrimination claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's motion for summary judgment (Court File No. 30).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**
